UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMIR BAZZOUN,

       PLAINTIFF,                  CASE NO.  2:14-CV-12711
                                                HONORABLE VICTORIA A. ROBERTS

V.

UNITED STATES EMBASSY, BEIRUT, LEBANON,

       DEFENDANT.

_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT (DOC # 1)**

    On July 10, 2014, Plaintiff filed this action alleging that the United States Embassy in Beirut, Lebanon improperly managed his parent's application for visas to enter the United States, causing undue delay. He alleges that the application process "should not take more than three months," without citing any legal authority. Compl., at 2. Plaintiff requests that the Court inquire as to the Embassy's reason(s) for the delay.

    While the Court has subject matter jurisdiction over immigration affairs, Plaintiff does not have standing to file this claim. To accomplish Article III standing, a plaintiff must establish these elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.' " Second, there must be a causal connection between the injury and the conduct complained or—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a "favorable decision."

*Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff fails to allege an "injury in fact" that is "concrete" and "particularized." Plaintiff does not allege that his rights are being infringed, given that the visa applications are not filed on his behalf.

Furthermore, Plaintiff requests judicial review of an administrative agency decision, yet fails to cite to any U.S. civil statute as the basis for his cause of action. Compl., at 4; *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.").

Plaintiff's complaint is **DISMISSED** for lack of standing.

**IT IS ORDERED**.

/S/ Victoria A. Roberts   _
Victoria A. Roberts
United States District Judge

Dated: August 12, 2014